# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ALONJE WALTON SR., | ) |  |
|---|---|---|
| **Plaintiff,** | ) | |
| vs. | ) | CIVIL NO. 08-cv-486-MJR |
| ROGER E. WALKER, et al., | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a prisoner in the Pinckneyville Correctional Center, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2).

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the Seventh Circuit, a strike may be counted if any portion of an action is dismissed for these enumerated grounds. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

Plaintiff has had three or more prior prisoner actions dismissed, or partially dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Walton v. Hillard*, Case No. 1:04cv07718 (N.D. Ill. April 1, 2005) (dismissing several defendants prior to service of process because complaint did not state a claim against them);

*Walton v. Neslund*, Case No.1 06cv2792 (N.D. Ill. May 30, 2006) (dismissing entire complaint pursuant to 28 U.S.C. § 1915A); *Walton v. Neslund*, No. 06-3021 (7th Cir. Aug. 16, 2007) (affirming district court's dismissal under § 1915A and noting additional strike for frivolous appeal).

The Court now turns to whether the complaint alleges sufficient facts indicating that Plaintiff is "under imminent danger of serious physical injury." When reviewing a *pro se* litigant's pleadings we are directed to give the pleadings the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ciarpaglini,* 352 F.3d at 328. At the same time, however, the Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims that are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1998). As will be seen below, a review of Plaintiff's prior cases for "strikes" under § 1915(g) informs our view of Plaintiff's current allegations.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to **prevent impending harms**, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).

In the instant complaint and other pleadings filed in this case, Plaintiff claims that he is a victim of an ongoing and ever widening conspiracy to retaliate against him for filing a lawsuit against the Illinois Department of Corrections (IDOC) in the United States District Court for the Northern District of Illinois styled *Walton v. Illinois Dept. of Corrections*, Case No. 1:03cv0936

(N.D. Ill.). Plaintiff alleges that the suit against the IDOC caused Chicago Police Officers to retaliate against him by conspiring to falsely arrest him on "trumped up charges." Plaintiff's Complaint ¶ 8; *see also Walton v. Hillard*, Case No. 1:04cv07718 (N.D. Ill.). Furthermore, Plaintiff states that while he was confined at Western Illinois Correctional Center (WICC), his suit against the IDOC caused members of the prison's Internal Affairs officers to join in the retaliation by devising "plans with other prisoners to assault" Plaintiff. Plaintiff's Complaint ¶ 10; *see also, Walton v. Western Illinois Correctional Center*, Case No. 3:07cv03289 (C.D. Ill.).

In November 2007, Plaintiff asserts that he was transferred from WICC to Pinckneyville Correctional Center (PCC). Plaintiff contends that the transfer was in retaliation for his efforts to expose the conspiracy of WICC staff to have him assaulted by other inmates. In the instant complaint, Plaintiff alleges that on or about January 18, 2008, he noticed members of PCC's Internal Affairs Office "speaking to other inmates while directing derogatory statements" to Plaintiff. Plaintiff's Complaint ¶ 13. Plaintiff further states that on or about February 17, 2008, he became concerned for his safety after becoming aware of the "serious demeanor" of other prisoners confined on his housing wing. Plaintiff contends that on or about May 31, 2008, he had himself committed to the Administration Segregation Unit after he became convinced that Internal Affairs staff members had "set-up and staged a hit on [him] and . . . singled [Plaintiff] out to be assaulted." Plaintiff's Complaint ¶ 26. Plaintiff formed this believe after allegedly overhearing a conversation by another inmate that "we are going to kick his ass after commissary." Plaintiff's Complaint ¶ 26. Plaintiff contends that these acts are being taken against him in retaliation for filing his prior suits against the IDOC and the City of Chicago.

Piercing the veil of Plaintiff's complaint, a review of *all* of Plaintiff's federal civil actions indicates that Plaintiff claims that from November 2006 (when he was confined at WICC) up to the

3

date of the filing of the instant complaint in July 2008, various prison officials have been conspiring to have him beaten up by other inmates. The Court further notes that during the 20-month period that Plaintiff claims this conspiracy has existed, there is no indication that Plaintiff was *actually* attacked. The lack of any attacks during the past 20 months completely undercuts any inference to which Plaintiff might otherwise be entitled that an attack on Plaintiff is "imminent." In short, a review of the entire record of Plaintiff's federal court filings, not just the instant complaint, reveals that Plaintiff's allegations that he is in danger of a future attack are greatly overstated because Plaintiff has been making these allegations for a long time yet there is no indication that the feared attacks have actually materialized - ever. As such, the Court cannot conclude that Plaintiff faced a "real and proximate" danger of being assaulted and suffering a serious physical injury..

This Court notes that in *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit Court of Appeals found that "imminent danger" existed when a prisoner was repeatedly placed near his enemies. The Seventh Circuit Court of Appeals cited *Ashley* as an example of a situation where "imminent danger" existed. *Ciarpaglini v. Saini*, 352 F.3d at 331. The instant case, however, is different from *Ashley* in two important ways. First, the prisoner in *Ashley* had actually been attacked by his enemies on two prior occasions. *Ashley*, 147 F.3d at 717. Having established a history of attacks in the past when he was placed near his enemies, the prisoner in *Ashley* was entitled to an inference that the risk of attack from continuing to be placed near his enemies was more than merely theoretical.

Second, there is no indication that the prisoner in *Ashley* had a history of filing lawsuits in the federal courts alleging, in essence, an ever increasing conspiracy that is now approaching - if it has not actually become - fanciful. The Court is mindful of the fact that even a paranoid person can have real enemies. But, when a prisoner heaps conspiracy upon conspiracy the improbable crosses

4

into the delusional. This Court is all too familiar with prisoners who assert that *everything* from their arrest, their conviction, and the conditions of their confinement is a grand conspiracy against them. Stepping back from the particulars of Plaintiff's complaint in this case and looking at the totality of Plaintiff's federal lawsuits, this Court detects the workings of an active imagination.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** without prejudice. If Plaintiff timely pays the full filing fee as directed, then he may re-file these motions

**IT IS SO ORDERED.**

**DATED this 9th day of March, 2009.**

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge