# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONJE WALTON SR., | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-486-MJR |
| ROGER E. WALKER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 21), his motion for leave to file an amended complaint (Doc. 22), and his motion for a courtesy copy of the complaint (Doc. 23).

On March 9, 2009, this Court entered an Order (Doc. 13) denying Plaintiff's motion to proceed *in forma pauperis* because he had accumulated "3 strikes" and was not under imminent danger of serious physical injury. Plaintiff was directed to pay the full filing fee or have his complaint dismissed.. On March 31, 2009, believing that the filing fee had not been paid in full, the Court entered a Memorandum and Order (Doc. 16) dismissing the complaint and denying all pending motions. Judgment was entered accordingly (Doc. 17). However, the Court's records reflect that Plaintiff paid the filing fee on March 16, 2009.

Accordingly, Plaintiff's motion for reconsideration (Doc. 21) is **GRANTED**. The Judgment of this Court (Doc. 18) is **VACATED**. Plaintiff's complaint is reinstated and the Clerk is **DIRECTED** to reopen this case. The Court will proceed to review Plaintiff's complaint under 28 U.S.C. § 1915A. Because Plaintiff has indicated a desire to file an amended complaint which would supercede and replace his original complaint, though, the Court will

delay reviewing the complaint under § 1915A until such time as Plaintiff has had a reasonable opportunity to amend it. Therefore, Plaintiff's motion to file an amended complaint (Doc. 22) is **GRANTED**. Plaintiff shall have twenty (20) days within which to file his amended complaint. If Plaintiff does not file his amended complaint within the time allotted, then the Court will use the original complaint to conduct the review required by § 1915A. To assist Plaintiff in preparing his amended complaint, Plaintiff's motion for a courtesy copy of his original complaint (Doc. 23) is **GRANTED**. The Clerk is **DIRECTED** to mail Plaintiff a copy of his original complaint (Doc. 1).

With regard to Plaintiff's two motions for emergency restraining orders (Docs 19 and 25), Plaintiff seeks an "emergency restraining order to secure [his] safety." As noted in the Court's order denying Plaintiff leave to proceed *in forma pauperis* (Doc. 13), Plaintiff alleges an ongoing and ever widening conspiracy to cause him physical harm due to a lawsuit he filed against the Illinois Department of Corrections (IDOC). According to the complaint, Plaintiff has been confined in Administrative Segregation Unit at Pinckneyville Correctional Center since May 1, 2008. Plaintiff committed himself to the segregation unit to protect himself against assaults that might be committed against him by inmates in general population. As also noted in the Court's prior Order (Doc. 13), Plaintiff has alleged for over 20 months that prison officials have been conspiring to harm him by having other inmates beat him up - yet no actual attack has occurred during that time. Consequently, it appears that Plaintiff's current confinement in administrative segregation has effectively protected Plaintiff from attack. Because Plaintiff's safety is being adequately protected through his confinement in administrative segregation, his motions for emergency restraining orders (Docs. 19 and 25) are **DENIED**.

**IT IS SO ORDERED**.

**DATED this 20th day of April, 2009.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**