# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONJE WALTON SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-486-MJR ) |
| ROGER E. WALKER, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a prisoner in the Pinckneyville Correctional Center (PCC), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.. Plaintiff seeks monetary, injunctive, and declaratory relief for alleged violations of Plaintiff's constitutional and statutory rights.

**PROCEDURAL BACKGROUND**

In a prior Order (Doc. 13), the Court denied Plaintiff's motion to proceed *in forma pauperis* after finding that Plaintiff had had three or more prior actions dismissed, or partially dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] *See* 28 U.S.C. § 1915(g) The Court further found that Plaintiff's complaint failed to allege facts indicating that he was under imminent danger of serious physical injury at the time the complaint was filed. *Id.* Accordingly, the Court directed Plaintiff to pay the full $350 filing fee. On March 16, 2009, one week after Plaintiff's motion to proceed *in*

---

[1] *See, e.g., Walton v. Hillard*, Case No. 1:04cv07718 (N.D. Ill. April 1, 2005) (dismissing several defendants prior to service of process because complaint did not state a claim against them); *Walton v. Neslund*, Case No.1 06cv2792 (N.D. Ill. May 30, 2006) (dismissing entire complaint pursuant to 28 U.S.C. § 1915A); *Walton v. Neslund*, No. 06-3021 (7th Cir. Aug. 16, 2007) (affirming district court's dismissal under § 1915A and noting additional strike for frivolous appeal).

*forma pauperis* was denied, the Clerk of Court received $350 in payment of the filing fee for this case.

On May 8, 2009, Plaintiff filed his first amended complaint. The amended complaint replaces and supercedes the original complaint. *Flannery v. Recording Assoc. of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The amended complaint is 82 pages long. Attached to the amended complaint are 22 exhibits adding an additional 184 pages. The amended complaint seeks relief against 24 Defendants and sets forth 35 separate counts for relief.

**REVIEW UNDER 28 U.S.C. § 1915A**

Because Plaintiff's amended complaint seeks redress from a governmental entity, officer, or employee, this case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a complaint has an arguable basis in fact, the Court is not bound, as it usually is, to accept without question the truth of Plaintiff's factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Instead, the Court has the "unusual power to pierce the veil of the complaint's factual allegations," *Neitzke*

2

490 U.S. at 327, and determine whether the facts alleged are irrational or wholly incredible "whether or not there are judicially noticeable facts to rebut them." *Denton*, 504 U.S. at 33.

We are instructed that this "unusual power" is not be used to resolve disputed facts nor is the Court to dismiss a complaint as factually frivolous "simply because the court finds plaintiff's allegations unlikely." *Denton*, 504 U.S. at 32-33. Instead, federal court's are to dismiss clearly baseless allegations with "which they are all too familiar." *Denton* 504 at 33.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

## **THE AMENED COMPLAINT**

In the amended complaint and attached exhibits, Plaintiff claims that he is a victim of an ongoing and ever widening conspiracy to retaliate against him for filing lawsuits. Plaintiff alleges that the City of Chicago, City officials, state prosecutors, and several Chicago police officers retaliated against him by having him falsely arrested on "trumped up charges" because of a § 1983 suit Plaintiff brought against the Illinois Department Of Corrections (IDOC) in the Northern Distric of Illinois. Plaintiff's Amended Complaint ¶ 8. Plaintiff asserts that he was "railroaded" and subsequently convicted of these "trumped up" charges and sent to the Western Illinois Correctional Center (WICC). Plaintiff's Amended Complaint ¶¶ 9-10.

Plaintiff alleges that prison staff at WICC also schemed to retaliate against him by planning to have other prisoners murder him. Plaintiff's Exhibit B. Consequently, Plaintiff filed a § 1983 action against WICC and several members of its staff alleging the existence of a conspiracy to murder him. *Id*.

In November 2007, Plaintiff asserts that he was transferred from WICC to Pinckneyville Correctional Center (PCC). Plaintiff contends that transfer was for disciplinary reasons, but that the disciplinary reasons were merely a pretext for his efforts to obtain protection from the conspiracy at WICC that staff was trying to have him assaulted by other inmates. Plaintiff alleges that on or about January 18, 2008, he noticed members of PCC's Internal Affairs Office "speaking to other inmates while directing derogatory statements" to Plaintiff. Plaintiff's Amended Complaint ¶ 14. Plaintiff further states that on or about February 17, 2008, he became concerned for his safety after becoming aware of the "serious demeanor" of other prisoners confined on his housing wing and after overhearing them "talking about causing [him] harm." Plaintiff's amended Complaint ¶ 15. Plaintiff contends that on or about May 31, 2008, he had himself committed to the Administration Segregation Unit (ASU) after he became convinced that Internal Affairs staff members had "set-up and staged a hit on [him] and . . . singled [Plaintiff] out to be killed/assaulted." Plaintiff's Amended Complaint ¶ 26. Plaintiff formed this believe after allegedly overhearing a conversation by another inmate that "we are going to kick his ass after commissary." Plaintiff's Amended Complaint ¶ 26. Plaintiff contends that these acts are being taken against him in retaliation for filing his prior suits against the IDOC and the City of Chicago.

According to the amended complaint, Plaintiff was held in ASU from May 21, 2008,

until September 9, 2008, when he was assigned to General Population. Plaintiff states that shortly after being released to General Population, "there was a continue[d] effort by prison officials to have other prisoners to seriously assault [him]." Plaintiff's Amended Complaint ¶ 43. Consequently, Plaintiff requested assignment to Protective Custody. Plaintiff's request for assignment to Protective Custody, however, was denied. Plaintiff's Exhibit Q.[2]

Along with his allegations that prison officials are trying to have him assaulted and killed, Plaintiff also claims that he has been issued false disciplinary reports related to his attempts to obtain "self protection"; that he's been denied due process of law in connection with his disciplinary hearings; that his mail has been opened or interfered with; that he's been denied access to the law library and legal materials; and that his grievances have been ignored or denied.

From these allegations, Plaintiff seeks relief under 42 U.S.C. § 1983 for asserted violations of his constitutional rights under the First, Fourth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. Additionally, Plaintiff asserts claims under 42 U.S.C. §§ 1981, 1985(2), 1985(3), and 1988.

**DISCUSSION**

This is the type of case where the Court believes it should exercise its "unusual power to pierce the veil of the complaint's factual allegations," *Neitzke* 490 U.S. at 327, and determine whether the facts alleged are irrational or wholly incredible. The Court believes this is proper because just like Judge Baker noted about Plaintiff's complaint in *Walton v. Western Ill.*

---

[2]According to Exhibit Q, Plaintiff's request for protective custody was denied because prison officials were unable to verify Plaintiff's claim that staff was plotting to have inmates harm Plaintiff.

*Correctional Center*, No. 3:07cv3289 (C.D. Ill., Order entered December 2007), the instant amended complaint "seems to be a paranoid stream of consciousness."

Indeed, the level of paranoia in this particular complaint exceeds the paranoia detected by Judge Baker in Plaintiff's prior case. First, this Court notes that as of the date of the amended complaint, Plaintiff claims that a conspiracy to murder or assault him has been in existence for 28 months. During that time, however, Plaintiff has not alleged any facts indicating that even one actual assault has occurred or been attempted. It is true that even paranoids have real enemies. But it is also true that paranoids see enemies where only shadows exist. When - as here - a complaint is comprised entirely of shadows and not substance, it points in the direction of "fantastic."

Second, the conspiracy alleged in the instant amended complaint is larger than the conspiracy alleged in Plaintiff's prior case. Judge Baker considered a complaint alleging a conspiracy among staff at one prison: Western Illinois Correctional Center. A conspiracy which has as its motivation Plaintiff's attempts to challenge his arrest and conviction on "trumped charges" through § 1983 and habeas corpus actions. An arrest and conviction which, Plaintiff claims, itself was motivated by the police officers' and prosecutors' desire to retaliate against Plaintiff for his even earlier litigation against the IDOC . Now, in the instant amended complaint, the conspiracy has expanded to include staff at PCC. Conspiracy is heaped on top of conspiracy all of which is based upon alleged retaliation. A retaliation that itself required the coordination and cooperation of several police officers and prosecutors. The sheer size of the alleged conspiracy - involving numerous agencies of state and local government - points in the direction of a paranoid fantasy.

The Court is mindful that its mere disbelief of a complaint's factual allegations is not a reason to find that the complaint is factually frivolous. Federal courts are reminded that truth is sometimes stranger than fiction and that factual frivolity exists only if the "allegations . . . are sufficiently fantastic to defy reality as we know it." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *10 (Souter, J. dissenting). But, one person's fact is often another person's fiction. This Court has no problem dismissing a prisoner's complaint "about little green men," *id.*, but - at the same time - it is worth noting that author Erich von Daniken once captured the popular imagination (and many believers) with his book "Chariots of the Gods?" in which he claimed that the Earth had been visited by extraterrestrial beings.

In the end, the Court is left to rely on its own sense of reality. A reality informed by the Court's experience. This Court is all too familiar with paranoid prisoners who - like Plaintiff - assert that *everything* from their arrest, their conviction, and the conditions of their confinement is a grand conspiracy against them. The Court has identified the factors which raise the matter beyond mere disbelief and demonstrate to it that an overactive imagination is at work. There is no question in the Court's mind that if Plaintiff were transferred to another facility that the staff at that prison would soon be named in a new § 1983 action with joining this "conspiracy" against Plaintiff. In the reality as this Court knows it, Plaintiff's claims are as fantastic as those concerning little green men.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All

pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 27th day of May, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
