# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONJE WALTON SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-486-MJR ) |
| ROGER E. WALKER, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 35) of the Memorandum and Order dated May 27, 2009, (Doc. 32) dismissing his complaint pursuant to 28 U.S.C. § 1915A. Shortly after filing the instant motion, however, Plaintiff filed a Notice of Appeal (Doc. 36) concerning the same Memorandum and Order.

The filing of the notice of appeal has transferred jurisdiction over this matter to the United States Court of Appeals, Seventh Circuit. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity." *Kusay*, 62 F.3d at 193 (*citing United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985); *Zaklama v. Mt. Sinai Medical Center*, 906 F.2d 645, 649 (11th Cir. 1990); 16 Charles Alan

Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice & Procedure § 3949 at 359 (1977)). Consequently, this Court is without jurisdiction to consider Plaintiff's motion. Accordingly, Plaintiff's motion for reconsideration (Doc. 35) is **DISMISSED** for lack of jurisdiction.[1]

**IT IS SO ORDERED**.

**DATED this 22 day of July, 2009.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1] *Griggs* notes an important limitation on the rule that just one court at a time possesses jurisdiction: the doctrine applies only to "those aspects of the case involved in the appeal." A district court therefore may award attorneys' fees while the merits are on appeal, *Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir.1980), and may consider whether to grant permanent injunctive relief while an appeal *from a preliminary injunction is pending, Chrysler Motors Corp. v. International Workers Union*, 909 F.2d 248, 250 (7th Cir. 1990). A district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause. *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991); *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990). However, Plaintiff's motion is not such an "ancillary question."